IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyler Matthew Pierson-Haupt,<br><br>  Petitioner,<br><br>v.<br><br>Jeff Wrigley, et al.,<br><br>  Respondents. | No. CV-22-08237-PCT-ROS<br><br>**ORDER** |

Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R) (Doc. 17) recommending the Court find the statute of limitations bars Petitioner Tyler Matthew Pierson-Haupt's petition for writ of habeas corpus. Petitioner filed objections, and Respondents filed a reply. (Doc. 18, 19). The R&R's analysis of the timeliness issue is correct, and the petition will be dismissed.

The R&R provides a detailed factual background regarding Petitioner's convictions for burglary and aggravated assault by domestic violence. In brief, Petitioner pleaded guilty and, on March 28, 2018, was sentenced to a total of 7.5 years in prison. Petitioner had 90 days after sentencing to file a petition for post-conviction relief. The state court record contains no evidence a petition was filed within that deadline. Thus, the record appears to establish the one-year statute of limitations began in June 2018 and expired in 2019, long before 2022 when Petitioner filed the current case.

Petitioner's primary attempt to avoid the statute of limitations involves the prisoner mailbox rule. Under that rule a post-conviction petition "is deemed filed when [the

prisoner] hands it over to prison authorities for mailing." *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). Petitioner argues that sometime in April 2018 he filled out an application for post-conviction relief and handed the application "directly to jail staff for processing." (Doc. 8 at 8). Petitioner argues proper application of the prisoner mailbox rule requires deeming his petition filed as of that unidentified date in April 2018. Allegedly believing his petition had been filed, Petitioner did not take additional action until 2021.

In August 2021, Petitioner filed a notice of post-conviction relief in state court. As recounted by the state court, the 2021 filing argued Petitioner had submitted a previous request for post-conviction relief in 2018 when Petitioner gave his filing to "staff at the Mohave County Jail." Petitioner conceded the 2018 "notice was never delivered to the Court," but he alleged the failure could not be attributed to him. (Doc. 13-1 at 30). The state court issued a written decision concluding it did "not find this allegation to be credible." According to the state court, if Petitioner had attempted to file a notice in 2018, Petitioner "would not have waited over three (3) years to raise this issue." (Doc. 13-1 at 30). Because no petition had been filed in 2018 that might impact the timeliness analysis, the state court deemed the 2021 notice untimely and denied relief. Petitioner sought review of that decision, but the Arizona Court of Appeals concluded the trial court had not abused its discretion. (Doc. 13-1 at 77).

Petitioner is correct that the prisoner mailbox rule can apply even when "a prisoner's petition is never filed by the court." *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001). If Petitioner had given his petition to jail officials in April 2018, the filing date would be deemed the date jail officials received the petition, regardless of the petition not reaching state court. But determining whether Petitioner gave jail officials a petition for filing is a factual issue. The state court looked at the limited evidence available and made a factual finding that Petitioner had not done so. Petitioner has not submitted sufficient evidence indicating that finding was incorrect.

Federal law requires a very high showing by a prisoner hoping to overcome a factual finding made by a state court. "A determination of a factual issue made by a State court

shall be presumed to be correct" and a petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Petitioner has not presented "clear and convincing evidence" that in 2018 he gave jail officials a petition that never reached the state courts. Instead, the only evidence is Petitioner's statement that he did so. That is not enough. *See Lambert v. Blodgett*, 393 F.3d 943, 981 (9th Cir. 2004) (noting "self-serving testimony" is not enough to meet clear and convincing standard).

Because this Court must accept the state court's factual finding that Petitioner did not give jail officials a petition for post-conviction relief, the deadline for Petitioner's federal petition expired in 2019. The R&R analyzes other possibilities that might render the petition timely, such as equitable tolling and actual innocence. Petitioner made no meaningful objections to the R&R's conclusions on those points. Moreover, even reviewed de novo, the R&R's analysis on those points is correct.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 17) is **ADOPTED**. The petition for writ of habeas corpus (Doc. 8) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** leave to proceed in forma pauperis and a certificate of appealability are **DENIED** because dismissal of the petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

…
…
…
…
…
…
…

1   **IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment in favor of
2   Respondents and terminate this case.
3   Dated this 15th day of April, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge

- 4 -